UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CARLOS ENRIQUE ANDRES,

*Petitioner*,

v. Case No. 3:26-cv-2529-JEP-LLL

WARDEN, NORTH FLORIDA
DETENTION FACILITY, et al.,

*Respondents*.
_________________________________/

**ORDER**

Petitioner, a detainee of the United States Immigration and Customs Enforcement, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his mandatory detention under 8 U.S.C. § 1225(b)(2) and seeking immediate release. (*See* Doc. 1 at 6–7 (citing *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026))). The Federal Respondent filed a response conceding that Petitioner is entitled to an individualized bond redetermination hearing under 8 U.S.C. § 1226(a). (*See* Doc. 8 at 1).

Accordingly, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to Petitioner's claim that his mandatory

detention violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner. If Respondents release Petitioner, they shall provide Petitioner with access to a telephone to arrange transportation from the detention facility.[2]

2. The Warden's motion to dismiss (Doc. 7) is **DENIED** for the same reasons stated in *Lanvin-Valdez v. U.S. Immigr. & Customs Enf't*, No. 3:26-CV-180-JEP-SJH, 2026 WL 1004569, at *2–3 (M.D. Fla. Apr. 14, 2026).

---

[1] Because the Court grants relief on this claim, the Court need not address Petitioner's other claim. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

[2] Petitioner is not entitled to immediate release. *See Portillo v. Gualtieri*, No. 8:26-CV-1718-KKM-LSG, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) ("Because a bond hearing provides adequate procedure, the 'comfortable majority position' remains that a habeas petitioner is entitled only to a bond hearing, not immediate release." (quoting *Molina v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-2009-KCD-KRH, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026))).

3. The Clerk is **DIRECTED** to enter judgment granting the petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, this 7th day of October 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Jax-6
c:
Pro se Plaintiff
Counsel of Record